IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-CR-186 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY R. PALOS, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Robert J. Kolansky, Assistant United States Attorney, and hereby files this sentencing memorandum. The Government agrees with the calculations contained within the Presentence Investigation Report filed October 31, 2019. (Doc. 19: PSR, PageID 118-37). The Government recommends a sentence within the range specified in paragraph 57 of the report.

**I.    OFFENSE CONDUCT AND GUIDELINE CALCULATION**

    A.    Offense Conduct

On or about May 18, 2018, in the Northern District of Ohio, Eastern Division, Defendant ANTHONY R. PALOS, possessed a firearm and ammunition, to wit: Bersa model BP9CC 9 mm handgun, bearing serial number D87517, and ammunition, said firearm and ammunition, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, those being: Trafficking in Cocaine, Case No. 07CR074184, in the Lorain County Court of Common Pleas, on or about March 24, 2010; and Possession of Cocaine and Trafficking in Cocaine, Case No. 01CR058786, in the Lorain County Court of Common Pleas, on or about

August 7, 2002, and did so knowingly, said firearm and ammunition having been shipped and transported in interstate commerce.

More specifically, on or about May 18, 2018, members of the Lorain Police Department's Narcotics Unit executed a search warrant at PALOS's residence of 1316 West 21st Street, Lorain Ohio and located, among other things, a Bersa 9 mm handgun.  This search warrant was the result of an investigation into PALOS's drug trafficking activities.  During the investigation, detectives received information that PALOS trafficked cocaine from that residence, and that he concealed cocaine inside a fish food container.  Between April 12, 2018 and May 17, 2018, detectives conducted six (6) trash pulls from the tree lawn outside of the residence at 1316 West 21st Street, Lorain Ohio.  During those trash pulls, detectives located evidence of firearms and drug trafficking.  Specifically, during four of those trash pulls, detectives located plastic bags used for packaging narcotics, plastic bags with cocaine residue, and a non-controlled substance that is commonly used as a cutting agent.  During another trash pull, they located a box for a handgun.

On May 18, 2018, during the execution of the search warrant, detectives located PALOS at the residence.  At that time, he was in possession of a cell phone and $2,536.00.  Further, within the residence, detectives located a digital scale with white residue in a bedroom, along with a fish food container with torn plastic bags inside, indicative of drug packaging material.  PALOS later admitted that the bedroom was his.  In the kitchen, detectives found two bags of marijuana and a bag with parts for an unrecovered Taurus firearm.  Within the living room, detectives recovered three more bags of marijuana concealed within a fish tank cabinet.  The total weight of the marijuana located within PALOS's residence was approximately 485.45 grams, which is just over one pound.

Finally, in the first floor bathroom, detectives recovered the Bersa model BP9CC 9 mm handgun, bearing serial number D87517, and ammunition. The Bersa handgun was listed as stolen at the time it was recovered within PALOS's residence.

On the date of the search warrant, PALOS was advised of his Miranda rights, and he agreed to speak with detectives. He admitted that he purchased the firearm "off the streets." Then, on May 9, 2019, when PALOS was arrested pursuant to the federal arrest warrant in the instant case, he was given his Miranda rights again. Again, he chose to waive those rights and speak with federal agents. PALOS explained that he traded some stereo equipment for the gun that was seized in his residence on May 18, 2018, and that the transaction was set up on the internet. He admitted that he acquired the gun because "it's crazy out here." He went on to explain that the gun was for his protection, and that he did not intend to use it to rob anyone. Finally, he admitted that he knew he was a convicted felon who was prohibited from owning or possessing a firearm.

B. Guideline Calculation

PALOS was indicted on March 27, 2019, for one count of Felon in Possession of a Firearm and/or Ammunition, in violation of 18 U.S.C. § 922(g)(1). (R. 1: Indictment, PageID 1-2). On June 28, 2019, PALOS pled guilty to the indictment without a plea agreement. The following is the relevant guideline calculations as correctly stated in the presentence report (Doc. 19: PSR, PageID 121-122).

| U.S.S.G. § 2K2.1: Felon in Possession of a Firearm and Ammunition (Count 1) | | |
|---|---|---|
| Base offense level | 24 | §2K2.1(a)(2) |
| Stolen Firearm | +2 | §2K2.1(b)(4) |
| Possessed in Connection with Another Felony | +4 | §2K2.1(b)(6) |
| **Total Offense Level before Acceptance of Responsibility** | **30** | |

3

The PSR details the extent of PALOS's criminal history, of which only 4 points score, placing him in criminal history category III. (Doc. 19: PSR, PageID 125). PALOS receives a 3-level reduction for acceptance of responsibility. With a level 27 and a criminal history category of III, PALOS's guideline imprisonment range is 87-108 months. (Doc. 19: PSR, PageID 128).

## II. SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
>   (a)  Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>     (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>     (2)  the need for the sentence imposed--
>
>       (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>       (B)  to afford adequate deterrence to criminal conduct;
>
>       (C)  to protect the public from further crimes of the defendant; and
>
>       (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>     (3)  the kinds of sentences available;
>
>     (4)  the kinds of sentence and the sentencing range established for--
>
>     (5)  any pertinent policy statement--

4

      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

    The nature and circumstances of PALOS's offense and his history and characteristics indicate that this Court has much to consider.  PALOS is forty years old and has multiple felony convictions for drug trafficking, along with a conviction for felony breaking and entering.

    Further, PALOS's criminal conduct dates back to age 14, when he and another person assaulted and threatened to assault an 11 year old boy.  For this, Palos was adjudicated delinquent for Aggravated Menacing (M1).  (Doc. 19: PSR, PageID 123).  Then, at ages 18 and 19, PALOS was twice convicted of Possession of a Counterfeit Controlled Substance (M1) for attempting to sell a counterfeit controlled substance, representing that it was crack cocaine. (Doc. 19: PSR, PageID 123).

     In August of 2002, PALOS was convicted, at the age of 22, of Trafficking in Cocaine (F-2) pursuant to ORC 2925.03(A)(2) in the Lorain County Court of Common Pleas and sentenced to 2 years in prison.  (Doc. 19: PSR, PageID 124).  The PSR indicates that PALOS was in possession of 20.94 grams of crack cocaine, and that it was possessed with the intent to distribute.  PALOS was released from prison on July 20, 2004.

    Just over eight months later, PALOS was arrested and ultimately convicted in December of 2005 with Breaking and Entering (F5).  HE received three years' probation, which he went on to violate with further criminal conduct.  (Doc. 19: PSR, PageID 124).  The PSR indicates that PALOS, at age 26, along with two juveniles broke into a residence on Hamilton Street in Lorain,

5

Ohio. The three individuals were located inside the residence by police. (Doc. 19: PSR, PageID 124).

As noted above, PALOS violated his probation for the Breaking and Entering, incurring a new arrest, and subsequent conviction, for the sale of crack cocaine to an undercover informant. Specifically, the PSR indicates that in April of 2007, PALOS twice sold crack cocaine to an undercover informant. (Doc. 19: PSR, PageID 124). The conviction for the actual sale of crack cocaine was in violation of ORC 2925.03(A)(1). The PSR further indicates that the PALOS's 3 year probationary sentence was extended for an additional two years, and that he was ultimately unsuccessfully terminated from probation in 2013.

As a result of PALOS's consistent criminal activity, and his failure to benefit from previously imposed sanctions, the Government's position is that his criminal history score is not overrepresented, and a sentence within the guideline range reflects the seriousness of his offense, promotes respect for the law and provides just punishment for his criminal conduct.

Furthermore, the Presentence Investigation Report has not identified any factors as possible founds for a departure or variance from the sentencing guidelines provisions.

### III. DEFENDANT'S OBJECTIONS

    A.    Base Offense Level

PALOS objects to the finding that his prior 2010 conviction for Trafficking in Cocaine under Ohio's 2925.03(A)(1) is a controlled substance offense, arguing that the base offense level should be 20, not 24, as the PSR properly finds. PALOS's argument rests on the June 6, 2019 *en banc* Sixth Circuit decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). As discussed below, notwithstanding the *Havis* decision, a conviction for violating Ohio Revised Code § 2925.03(A)(1) remains a qualifying "controlled substance offense." Accordingly, when

6

coupled with PALOS's 2002 conviction for Trafficking in Cocaine under Ohio Revised Code § 2925.03(A)(2), the base offense level is properly calculated at 24.

Ohio Revised Code section 2925.03(A)(1) states that no person shall knowingly "Sell or offer to sell a controlled substance or a controlled substance analog." *Havis* held that the Sentencing Guidelines' "controlled-substance offense" definition does not include attempt crimes. 927 F.3d at 386-87. In particular, *Havis* found that the Sentencing Commission overstepped its authority by adding the crime of "attempting to commit [controlled substance] offenses" to Section 4B1.2's "controlled substance offense" definition. *Id*. at 384, 386-87. *Havis* deemed the Commission's "addition" invalid because it was included in the Guidelines Commentary, instead of in its text. *Id*. at 386-87.

Judge Sutton's concurring opinion to the Circuit's July 12, 2019, order denying reconsideration in *Havis*, however, explained the limited nature of *Havis'* scope. *United States v. Havis,* 929 F.3d 317, 318-20 (6th Cir. 2019) (*en banc* order; Sutton, J., concurring). Specifically, *Havis* only invalidated incomplete, attempted offenses, which incorporate the legal, term-of-art definition of attempt liability. *Id*., Slip op. at 4-6. *Havis* did not reach completed offenses, where the statute of conviction itself includes attempts, as "ordinarily" understood, within its elements, either as a statutory term or incorporated through a definition. *Id*.

In the former situation, a substantive crime plus a separate attempt statute comprises the conviction, such as attempted federal drug trafficking under 21 U.S.C. §§ 841 and 846. *Id*., Slip op. at 4-5. The substantive offense is not completed or "inchoate." *Id*.

In the latter situation, however, the substantive crime incorporates "attempts" into the crime itself; the crime is complete once attempted, as ordinarily understood. *Id*. A stand-alone attempted drug-trafficking conviction under Section 841 fits this situation: the statutory element

7

requires "distribution," which the statute elsewhere defines as including "attempted transfers" of drugs.  21 U.S.C. §§ 802(11), 802(8).  Federal and state convictions satisfying this pattern remain valid "controlled substance offenses" after *Havis*.  *Havis*, 929 F.3d at 318-20.

Here, PALOS's stand-alone conviction under Ohio's offer-to-sell statute still qualifies as a Guidelines Controlled Substances offense because a Section 2925.03(A)(1) offense incorporates the ordinary meaning of attempt into the completed offer to sell crime.  Indeed, the situation would be different under *Havis* had PALOS been convicted of an incomplete attempted offense through a conviction under Ohio Revised Code § 2925.03(A)(1) combined with Ohio's freestanding attempt statute, Ohio Revised Code § 2923.02, which is a "state analogue" to 21 U.S.C. § 846.  *See Havis*, 929 F.3d 317, Slip op. 6.  PALOS, however, was convicted of the completed offense under Section 2925.03(A)(1) in Lorain County Common Pleas Court Case No. 07CR074184.  (Doc. 19: PSR, PageID 124).  Hence, his stand alone Section 2925.03(A)(1) offense remains a valid career offender Guideline predicate after *Havis*.

PALOS cites two additional Sixth Circuit decisions in *United States v. Garrett*, No. 18-3816, 2019 WL 2443145 (6th Cir., Jun. 11, 2019), and *United States v. Powell,* No. 18-3654, 2019 WL 3286174 (6th Cir., July 22, 2019), in which Sixth Circuit remanded the defendants' cases for resentencing in light of *Havis*, where the defendants, as here, had prior convictions under Section 2925.03(A)(1).  Those cases, however, do not help PALOS.  *Garrett* recognized only that "Garrett's prior convictions may have been for an <u>attempted</u> controlled substance offense."  2019 WL 2443145 at *1 (emphasis in original).  Further, in remanding Garrett's case because the district court had relied on *Evans*, the Sixth Circuit expressly stated that the district court should "consider in the first instance whether Garrett qualifies for the career offender enhancement in light of *Havis*."  *Garrett*, 2019 WL 2443145 at *1 (emphasis in

8

original). The *Garrett* opinion does not address the distinction between completed and incomplete attempt offenses that Judge Sutton's concurrence highlights.

Likewise, in *Powell*, the Sixth Circuit expressly noted that the government would be free to argue below – and the district court should consider in the first instance that Powell's Section 2925.03(A)(1) conviction still qualified for reasons beyond that which *Havis* addressed, *Powell*, 2019 WL 3286174 at *3 n. 2, which would include the distinction between complete and incomplete, attempted drug trafficking offenses. Hence, *Garrett* and *Powell* do not control or suggest the outcome here.

For the foregoing reasons, the government submits that *Havis* does not apply to PALOS's prior Section 2925.03(A)(1) offense, and that the base offense level is properly calculated at 24.

      B.      Stolen Firearm Enhancement

PALOS also objects to the 2-level enhancement due to his possession of a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4)(A). This objection is similarly based upon *Havis*, again claiming that this enhancement runs afoul of the holding in that case. *Havis* is not applicable to application note 8(B) in U.S.S.G. § 2K2.1(b)(4)(A) because *Havis* dealt with an issue concerning *additions* to the Guidelines rather than what application note 8(B) is, an *interpretation*. U.S.S.G. § 2K2.1(b)(4)(A) provides for a 2-level enhancement if any firearm, that was involved in the offense, was stolen. Application note 8(b) explains that the enhancement applies "whether the defendant knew or had reason to believe that the firearm was stolen …." *Havis* was decided in the context of *Stinson v. United States*, 508 U.S. 36 (1993), which held that commentary in the Guidelines which interprets or explains a guideline is authoritative. The plain reading of § 2K2.1(b)(4)(A) indicates that the enhancement applies anytime a stolen firearm is involved in the offense. Application note 8(b) is a clear interpretation and explanation of § 2K2.1(b)(4)(A) and not in addition, and therefore should be applied to PALOS.

C.   Possession of a Firearm in Connection With another Felony Offense

PALOS objects to the four-level enhancement for possession of the firearm in connection to another felony offense.  In making his argument, PALOS asserts that Possession with intent to Distribute 484.45 grams of marijuana could only be a felony of the fifth degree in state court, which is not punishable by a term of imprisonment exceeding one year, and therefore falls short of the definition of "felony offense."

In making this argument, PALOS relies on the Application Note to U.S.S.G. § 2K2.1, which requires that the other felony offense be punishable by a term of imprisonment exceeding one year.  However, PALOS ignores the remainder of the Application Note on which he is asking this Court to rely.  Application Note 14(C) of § 2K2.1 defines "Another Felony Offense" for purposes of subsection (b)(6)(B) as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."  U.S.S.G. § 2K2.1, Application Note 14(C).

PALOS's argument is that the state offense is not punishable by a term of imprisonment exceeding one year.  He does not acknowledge, though, that PALOS could have been charged with a federal drug trafficking offense under 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), for which the authorized term of imprisonment shall not exceed five years.  Furthermore, when taking into consideration the defendant's criminal history, had he been charged with 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), his exposure would have been up to ten years imprisonment.  The fact that this charge was not brought has no bearing on its applicability in the context of the instant sentencing.  As such, PALOS's argument regard imprisonment exposure lacks merit.

PALOS also argues that factually, this enhancement should not apply in this case.  The Guidelines provide for a four-point enhancement to the defendant's base offense level "[i]f the

10

defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The application notes indicate that the enhancement should apply "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." U.S.S.G. § 2K2.1(b)(6)(B), Application Note 14(B). Specifically with respect to a drug trafficking offense, the enhancement should apply if the firearm "is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1(b)(6)(B), Application Note 14(B). The note explains that, the application of this enhancement is "warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively." U.S.S.G. § 2K2.1(b)(6)(B), Application Note 14(B).

The enhancement does not simply apply if both guns and drugs are found in a residence. Instead, a district court should apply the enhancement "only if the government establishes, by a preponderance of the evidence, a nexus between the firearm and an independent felony." *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009). Courts have applied the "fortress theory" when analyzing these situations, noting that "a sufficient connection is established if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *Id.* Consequently, as the "application notes make clear, the firearms in question need not be actively used in the commission of a felony, but merely have the potential to promote another felony offense." *United States v. Heighton,* 272 Fed.Appx. 469, 472 (6th Cir. 2008). Put differently, the Sixth Circuit stated, the four level enhancement "applies if the firearm had some emboldening role in [a] defendant's felonious conduct." *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001).

11

In the instant case, the gun was located in the first floor bathroom. There was paraphernalia for drug trafficking located in the defendant's bedroom, in the kitchen, and in the living room of the house. Furthermore, detectives located 484.45 grams (just over a pound) of marijuana throughout the house. The defendant had easy access to the firearm.

The defendant argues that he possessed a firearm, and coincidentally possessed drugs. (Doc. 21: Defendant's Sentencing Memorandum, PageID 153). However, as the *Ennenga* Court noted, "[a]lthough the other felony offense in most § 2K2.1 cases involves drug distribution, this is not an exclusive prerequisite. When one is in possession of a large and valuable stash of drugs, the desire to protect these illicit substances can be compelling." *Ennenga*, 263 F.3d at 504. Here, the large amount of marijuana seized, and the evidence of other cocaine trafficking, is compelling evidence of the motive behind the defendant's possession of that firearm – to protect his stash and his operation. As such, the government submits that the four level enhancement for possession of the firearm in connection with another felony offense, pursuant to § 2K2.1(b)(6)(B), is properly applied to PALOS's case.

## IV. **CONCLUSION**

Based on the circumstances of the case at hand, PALOS's criminal history, and his complete lack of regard for the criminal justice system, the Government respectfully requests this Court sentence PALOS within the advisory guideline range.

                Respectfully submitted,

                JUSTIN E. HERDMAN
                United States Attorney

By:   /s/ Robert J. Kolansky
                Robert J. Kolansky (PA: 316899)
                Assistant United States Attorney
                United States Court House
                801 West Superior Avenue, Suite 400
                Cleveland, OH 44113
                (216) 622-3780
                (216) 522-8355 (facsimile)
                Robert.Kolansky@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of November 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                        /s/ Robert J. Kolansky
                        Robert J. Kolansky
                        Assistant U.S. Attorney