PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-CR-186 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ANTHONY R. PALOS, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Defendant. | ) | |

**I.**

Defendant pled guilty to a single-count indictment charging him with being a Felon in Possession of a Firearm and/or Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. Defendant posed three objections to the advisory guidelines range suggested in the presentence report. ECF No. 19 at Page ID #: 128, ¶ 57 [Sealed]. Subsequently, both sides briefed the objections. ECF Nos. 21, 22, 23. The Court heard argument at the sentencing hearing. Below, the Court further explains why it imposed a 63-month term of incarceration with three years of supervised release at sentencing

**II.**

Defendant raises three objections to the presentence report. For the reasons provided below, these objections are overruled.

**A.**

First, Defendant objects to his base-level offense of 24. He argues it should be 20. He concedes that USSG § 2K2.1 is the appropriate guidelines section, but complains that application

of the higher base offense level is contrary to the Sixth Circuit's recent en banc ruling in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) because his 2010 controlled substance offense was an attempt crime.

*Havis* regards a Tennessee statute and the application of the career offender guidelines. In its en banc review, the Sixth Circuit applied the categorical approach and determined the "*least of the acts criminalized* by the elements" of that Tennessee statute was an attempt crime. *Id.* at 384-85 (emphasis in original). By comparison, that court also observed that none of the crimes detailed in the actual text of USSG § 4B1.2(b) (which defines controlled substance offenses) are attempt crimes. Specifically, it acknowledged that attempt crimes are not mentioned in that guidelines section until Application Note 1 of the Commentary. *See id.* at PageID #: 386-87 (discussing USSG § 4B1.2, comment. (n.1).). Thus, the Sixth Circuit concluded that an attempt crime is not a "controlled substance offense." *Id.* In response to the Government's motion for reconsideration of the en banc ruling, Judge Sutton penned a concurring opinion that confirmed that enhancement under § 4B1.2(b) is still appropriate, however, when a defendant has committed a completed controlled substance offense.

Like Havis, the defendant in the instant case pled guilty to being a felon-in-possession. USSG § 2K2.1 dictates the calculation for that offense.[1]  Subsection § 2K2.1(a)(2) prescribes a

---

[1] 2K2.1(a)(2) relies on the text and commentary in 4B1.2(b).  Under USSG §4B1.2(b) a controlled substance offense is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense." The

(continued...)

(1:19-CR-186)

base offense level of 24 when the defendant has committed the instant offense after sustaining two felony convictions of either a crime of violence or a controlled substance offense. Of his two qualifying priors, Defendant focuses on one: a 2010 conviction for trafficking in cocaine (F4) in violation of Ohio Revised Code § 2925.03(A)(1). ECF No. 21 at PageID #: 144. Defendant avers that while he pled guilty to O.R.C. § 2925.03(A)(1), which criminalizes the "[s]ell or offer to sell a controlled substance," the "offer to sell" language is indicia of an attempt crime. Therefore, his 2010 conviction for trafficking in cocaine is not a "controlled substance offense" under USSG §4B1.2(b) and, per *Havis*, cannot justify an enhancement of his base offense level. ECF No. 21 at PageID #: 148.

Without question, the *Havis* Court found that an attempt offense does not constitute a "controlled substance offense" pursuant to Section 4B1.2(b). *Id.* at 384. Moreover, the Sixth Circuit declared that the Sentencing Commission's addition of "attempt crimes" through of the Guidelines' Commentary "deserves no deference" because attempted offenses are not included in the Guidelines' actual text. *Id.* at 386-87. Against this backdrop, Defendant asks the Court to find that, in light of *Havis*, Ohio Revised Code § 2925.03(A)(1) encompasses an "attempt" to sell and therefore cannot be deemed a "controlled substance offense" under § 4B1.2(b). ECF No. 21 at PageID #: 21. The Court finds otherwise.

After review of the established record and applicable law, the Court finds that conviction under Ohio's § 2925.03(A)(1) is distinct from the Tennessee criminal statute at issue in *Havis*.

[1](...continued)
commentary to §4B1.2(b) adds attempt offenses. *Id*. ("controlled substance offense: include the offenses of . . . attempting to commit such offenses.")

3

The distinction between the two statutes turns on "statutory definitions and a technical, but important, difference between completed offenses and attempted offenses." *United States v. Havis*, 929 F.3d 317 (6th Cir. 2019) (denying en banc reconsideration) (Sutton, J., concurring).

In Judge Sutton's concurring opinion, he clarified that *Havis* invalidated only *incomplete*, or attempt offenses, which depend on the legal, term-of-art definition of attempt liability for the commission of a crime. *Id.* at 319. He made clear that *Havis*, however, does not reach completed offenses. "When a person commits (and is convicted of) a *completed* crime under state or federal law that fits within the guidelines' definition of a controlled substance offense, he faces a higher base offense level." *Id.* (emphasis added).

The Tennessee statute at issue in *Havis*, explicitly prohibited a person from knowingly delivering a controlled substance  with "delivery" defined by related statute as "the actual, constructive, or *attempted* transfer from one person to another of a controlled substance." *Havis*, 927 F.3d at 384 (emphasis in original). Ohio Revised Code § 2925.03(A)(1), on the other hand, provides that no person should knowingly "sell or offer to sell" a controlled substance or a controlled substance analog." Attempt is not mentioned.[2] Importantly, Ohio has a freestanding statute, Ohio Revised Code § 2923.02, that addresses attempt crimes. That parallel to 21 U.S.C. § 846 makes obvious that the State of Ohio knows how to distinguish attempt crimes from completed crimes and Defendant was not charged with an attempt offense.

Defendant also relies on *United States v. Evans*, 699 F.3d 858 (6th Cir. 2012) to assert that § 2925.03(A)(1) encompasses an "attempt" offense. Defendant's reliance on *Evans* is

---

[2] Defendant concedes this point. *See* ECF No. 21 at PageID #: 148.

unavailing.  In recent Sixth Circuit decisions, the Sixth Circuit has vacated defendants' sentences and ordered remand for re-sentencing "in light of *Havis*."  *See e.g.* *United States v. Powell*, 781 F. App'x 487 (6th Cir. July 22, 2019); *United States v. Garrett*, 722 F. App'x 311 (6th Cir. June 11, 2019); *United States v. Solomon*, Case No. 18-3058, Document 48 (6th Cir. Nov. 4, 2019). With the Sixth Circuit having "abrogat[ed] *Evans*" it is apparent that *Evans* has been called into doubt and is no longer controlling authority on the issue.  *See Powell*, 781 F. App'x at 488.  In matters of sentencing and re-sentencing, district courts are now tasked with interpreting § 2925.03(A)(1) in light of *Havis*.

Under *Havis*, if "the least culpable conduct falls within the Guidelines' definition of a 'controlled-substance offense,' then the statute categorically qualifies as a controlled substance offense" under § 4B1.2(b).  *Havis*, 927 F.3d at 385.  The least culpable offense under § 2925.03(A)(1) is an "offer to sell a controlled substance."  That is not an attempt offense, but rather a *completed offense* punishable by an imprisonment term of six to eighteen months under state law.  The Court finds that notwithstanding the en banc decision reached in *Havis*, a conviction for violating Ohio Revised Code § 2925.03(A)(1) remains a qualifying "controlled substance offense."  Accordingly, when coupled with Defendant's 2002 conviction for trafficking in cocaine under Ohio Revised Code § 2925.03(A)(2), his base offense level is properly calculated at 24.

**B.**

Defendant also objects to the enhancement under  USSG § 2K2.1(b)(4)(A), which provides that "if any firearm . . . was stolen, increase by 2 levels."  Defendant argues that this

enhancement is improper because he was unaware that the firearm was stolen.  ECF No. 21 at PageID #: 148-51.  His objection fails to gain traction because the enhancement pursuant to the plain text of 2K2.1(b)(4)(A) has no *mens rea* element.  *See United States v. Stokes,* 621 F. App'x 316, 318 (6th Cir. 2015) (noting that the Sixth Circuit has "repeatedly upheld the application of U.S.S.G. § 2K2.1(b)(4)(A) without a mens rea requirement"); *United States v. Ortiz*, 621 F.3d 82, 85 (2d Cir. 2010) (noting that there is no scienter requirement for the § 2K2.1(b)(4) enhancement);  *United States v. Rolack*, 362 F. App'x 460, 463 (6th Cir. 2010) ("this circuit has upheld application of § 2K2.1(b)(4) in the absence of a scienter requirement . . ."); *United States v. Murphy,* 96 F.3d 846, 849 (6th Cir. 1996); *United States v. Griffiths*, 41 F.3d 844, 846 (2d Cir. 1994) (noting that "§ 2K2.1(b)(4) plainly does not contain a scienter requirement. . .").  United States Sentencing Guidelines § 2K2.1(b)(4)(A) "has been described as a 'strict liability' enhancement."  *United States v. Burns*, 109 F. App'x 52, 54 (6th Cir. 2007) (quoting *Murphy*, 96 F.3d at 849).  Mere possession of a stolen firearm subjects Defendant to this enhancement regardless of whether Defendant was aware it was stolen.

This segues into Defendant's second invocation of *Havis*.  Defendant claims the commentary inappropriately expands the text of the of  § 2K2.1(b)(4)(A).  This is a strained reading of *Havis* which held that the Guideline's commentary could not *add* offenses that were *absent* from the actual text of the Guidelines.  *See Havis*, 927 F.3d at 386.  Its role as an interpretative aid to the Court, however, has not been uprooted.  *See id*.  The actual text of  § 2K2.1(b)(4)(A) prescribes an increase of two levels if the firearm "was stolen."  Application Note (8)(B) to USSG § 2K2.1(b)(4)(A) matter of factly explains that the firearm enhancement

"applies regardless of whether the defendant knew or had reasons to believe that the firearm was stolen." USSG §2K2.1, comment. (n.8). The commentary does not add to the actual text of the guidelines. *Cf.* ECF No. 23 at PageID #: 182.

Accordingly, because the firearm at issue was stolen, the Court applies the two-level enhancement, pursuant to USSG § 2K2.1(b)(4)(A).

## C.

Finally, Defendant objects to the four-level enhancement under USSG § 2K2.1(b)(6)(B), which applies if Defendant "used or possessed any firearm . . . in connection with another felony offense."[3] Defendant claims the firearm he possessed was not used in connection with his drug trafficking offense. Application Note 14(B) explains that the enhancement should apply if the firearm "is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG §2K2.1, comment. (n.14). In other words, the Government need only prove, by a preponderance of the evidence, "a nexus between the firearm and [the] independent felony." *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009). "[A] sufficient connection is established if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or

---

[3] Defendant insists this enhancement is inapplicable because his drug offense in state court was not a felony. Because the Government could have brought a federal drug trafficking felony offense under 21 U.S.C. § 841(a)(1), this argument fails. Application Note 14(C) of § 2K2.1(b)(6)(B) explains that a felony offense is "any federal, state, or local offense . . . punishable by imprisonment for a term of exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG §2K2.1, comment. (n.14).

otherwise facilitate a drug transaction." *Id.* (quotations and citations omitted). The firearm need not be actively used but "merely have the potential to promote another felony offense." *United States v. Heighton*, 272 F. App'x 469, 472 (6th Cir. 2009).

At sentencing, the Government presented evidence regarding Defendant's home. Without objection, the home was described as small, perhaps 600 square feet in total. The testifying officer testified that 10-15 steps were all that was needed to traverse the home. He indicated while the weapon and majority of drugs and paraphernalia were found downstairs, it would take no more than 10-15 seconds to reach downstairs if one were upstairs. Officers found a firearm secreted in the bathroom on the first-floor of Defendant's home. Drugs and drug trafficking paraphernalia were seized from the kitchen and the living room on the same floor where the firearm was located. As elaborated on the record at sentencing, Defendant had drugs, discarded bags, a scale with cocaine residue, and other drug paraphernalia in his bedroom upstairs.

Because Defendant lived in a small house, the firearm was "in relatively close proximity" to the drugs. *See United States v. Herron*, 554 F. App'x 388, 394 (6th Cir. 2014). The Court finds the most likely reason he possessed the firearm was to protect himself in the event of potentially dangerous drug transaction. The Court does not find credible Defendant's claim that he had the firearm to protect himself from his girlfriend and her associates.[4] The Government's evidence soundly established that Defendant had not been so fearful as to make a police report or

---

[4] At one time a girlfriend shared the home with Defendant. There was no evidence, however, that any one else lived there besides Defendant when the weapon was found.

otherwise document these concerns by requesting a restraining order. Thus, Defendant's proffered alternative purpose for owning a firearm does not obviate application of the enhancement. Accordingly, the Court finds that Defendant possessed a firearm in connection with another felony offense, and the § 2K2.1(b)(4)(A) four-level enhancement applies.

**D.**

Because the Court finds that Defendant has clearly demonstrated acceptance of responsibility, pursuant to § 3E1.1(a), and grants the government's motion for the third level, pursuant to § 3E1.1(b), his offense level of 30 is reduced by three levels to 27.

**E.**

Considering the record in light of the 18 U.S.C. § 3553(a) factors, the Court exercises its discretion to grant Defendant's request for a downward variance. Based on the offense level, the Guidelines suggest a range up of 87-108 months. Even a sentence at the low-end would be greater than what is sufficient to meet the goals of the factors laid out in § 3553(a). The average sentence imposed nationally for an individual facing a firearms conviction with a Criminal History Category III in 2018 is 42 months. At 40 years old, it appears Defendant has already served a two- year sentence for a conviction attained when he was 22 years old. ECF No. 19 at PageID #: 124. Given the record established at sentencing and emphasizing Defendant's contrition and new found respect for the law, the Court varies downwards to the range suggested by offense level 24 and its intersection with Category III, which is 63 to 78 months. A 63-month sentence is significantly greater than the two-year term Defendant served during prior

(1:19-CR-186)

incarceration and affords adequate deterrence of Defendant's future criminal conduct, while

promoting respect for the law.

**IV.**

For the reasons set forth on the record during the sentencing hearing and herein,

Defendant is sentenced to the custody of the Bureau of Prisons for a term of 63 months as to

Count 1 of the Indictment. Upon release, Defendant shall serve a 3-year term of supervised

release as to Count 1 of the Indictment, with the conditions imposed.


IT IS SO ORDERED.


 November 21, 2019                           */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                             United States District Judge